IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| COREY LEWIS COLEMAN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-267 (MTT) |
| WILLIAM DANFORTH, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Magistrate Judge Charles H. Weigle originally screened the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, allowing some claims to proceed and recommending others be dismissed. Doc. 15. The Plaintiff then filed an objection (Doc. 37) and a motion to amend the complaint (Doc. 38). "Due to the significant and material amendments presented by Plaintiff in his objection and proposed amended complaint," the Magistrate Judge now recommends his previous Order and Recommendation (Doc. 15) be vacated. Doc. 43. In his new Order and Recommendation, the Magistrate Judge allowed the Plaintiff's Eighth Amendment claim against Defendant Burnside and his Due Process Clause of the Fourteenth Amendment claims against Defendants Bishop, Bryson, Chatman, Dean, Jacobs, Logan, and McMillan to proceed. The Magistrate Judge also allowed the Eighth and Fourteenth Amendment claims against Defendants Bell, Chaney, Danforth, Nurse Doe, Officer Doe, Jordan, McCloud, Wilcox, and Zanders to proceed, as well as the First Amendment retaliation claim against Defendant Danforth, but he recommends severing those claims and transferring them to

the Southern District of Georgia, because they took place at Telfair State Prison in Helena, GA, located in the Southern District.  The Magistrate Judge further recommends dismissing without prejudice the following claims: the Eighth Amendment conditions of confinement claims; the Eighth Amendment denial of medical care claims against Defendants Bishop, Bryson, Chatman, Dean, Lewis, Ward, and Zanders; the Free Exercise Clause of the First Amendment and RLUIPA claim; and the access to the courts claim.[1]  The Plaintiff has objected to all of these recommendations except for the recommendation to vacate the previous Order and Recommendation.  Doc. 63.  Pursuant to 28 U.S.C. 636(b)(1), the Court has considered the Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Court has reviewed the Recommendation and accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED as modified** and made the order of this Court.  Accordingly, the previous Order and Recommendation (Doc. 15) is **VACATED**.  The Eighth and Fourteenth Amendment claims against Defendants Bell, Chaney, Danforth, Nurse Doe, Officer Doe, Jordan, McCloud, Wilcox, and Zanders, as well as the First Amendment retaliation claim against Defendant Danforth, are **SEVERED** and **TRANSFERRED** to the Southern District of Georgia.  The Eighth Amendment conditions of confinement claims; the Eighth Amendment denial of medical care claims

---

[1] The Magistrate Judge terms this a "First Amendment claim" in the Recommendation.  Doc. 43 at 17-18.  The Plaintiff also mentions the Fifth Amendment, possibly in conjunction with this claim.  Doc. 38-1 at 1.  "According to the Supreme Court, the basis of the constitutional right of access to courts is unsettled, although the Court acknowledges reliance on the First, Fifth and Fourteenth Amendments in assessing access to courts claims."  *Carter v. Price*, 2014 WL 5877807 (N.D. Ala.) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002)).  Regardless, the Court agrees with the Magistrate Judge that this claim should not proceed.

against Defendants Bishop, Bryson, Chatman, Danforth,[2] Dean, Lewis, Ward, and Zanders; the Free Exercise Clause of the First Amendment and RLUIPA claim; and the access to the courts claim are **DISMISSED without prejudice**.

**SO ORDERED,** this 6th day of December, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Magistrate Judge does not include Defendant Danforth in his Recommendation to dismiss the Eighth Amendment denial of medical care claims against supervisors, but the Plaintiff's complaint seems to allege a claim against Danforth. See Doc. 44 at 12 ("Defendants William Danforth, Sam Zanders, and Doctor Chaney et al. were knowledgeable of plaintiffs' [sic] need for medical treatment, intentionally refusing to provide that treatment/care."). For the same reasons the Magistrate Judge recommends dismissing the claims against the other defendants—namely, that the Plaintiff's conclusory accusations fail to allege sufficient facts to state a claim—this claim against Danforth should also be dismissed.